UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:
    TRICIA MOORE,

        Petitioner,

                              Case No. 17-cv-13073
                              Prior Case No. 17-mc-50897
v.                                  Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RETURN OF PROPERTY**

Defendant Talmadge Barnes was sentenced on June 1, 2017. *United States v. Barnes*, Case No. 16-cr-20387. Prior to sentencing, a stipulated preliminary order of forfeiture was entered. *Id.*, ECF No. 59. That order worked to forfeit Barnes's interest in a number of firearms seized during the investigation. The preliminary order of forfeiture further explained that, if any third party had an interest in the property to be seized, they "must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be [set] for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property." *Id.* at 5.

An evidentiary hearing on Moore's request for return of property was held on September 13, 2017. For the following reasons, Moore's motion will be denied.

**I.**

On May 25, 2016, Defendant Talmadge Derrell Barnes was indicted on one count of being a felon in possession of ammunition. Case No. 16-cr-20387, ECF No. 1. The indictment

included a forfeiture allegation. On June 22, 2016, a superseding indictment was issued which contained the original allegations and added a count charging Barnes with being a felon in possession of a firearm. ECF No. 16. A second superseding indictment was issued on September 14, 2016, which added two additional counts: possession of crack cocaine and possession of marijuana. ECF No. 29. On October 24, 2016, Barnes filed a motion to suppress evidence. ECF No. 36. In the motion, Barnes argued that his car was unconstitutionally searched and that evidence found as a result of that search should be suppressed. At the suppression hearing, the Government and Barnes hotly contested whether Barnes was the owner of the vehicle or whether a female friend of Barnes owned the vehicle. Ultimately, the motion to suppress was denied.

Barnes pleaded guilty. ECF No. 48. On June 1, 2017, the day of his sentencing hearing, a stipulated preliminary order of forfeiture was entered. ECF No. 59. That order gave notice that one .9mm firearm and some .9mm ammunition which was seized by the Government during the course of the investigation would be forfeited unless Barnes or a third party made a colorable claim of legal interest. On June 27, 2017, Tricia Moore filed a motion for return of a handgun (a Smith and Wesson .9mm semi-automatic pistol) and some .9mm ammunition. Moore attached documentation which indicated that she purchased the pistol and ammunition on May 6, 2016.

At the hearing, the Government explained that the firearm and ammunition in question were found in the vehicle featured in the events giving rise to the motion to suppress. Specifically, after arresting Barnes, law enforcement found a black backpack in the cargo area of the minivan. Inside, officers found the firearm, the ammunition, a purchase permit for the gun, and mail addressed the Barnes.[1]

---

[1] At the suppression hearing, Moore testified that she and Barnes jointly purchased the minivan approximately one week before the traffic stop. But Moore apparently did not have possession of the minivan after purchasing it and did not have the title in her possession. Likewise, Moore did not register the van or purchase insurance for it.

After Barnes was arrested, Moore was interviewed by police regarding the firearm. She told the interviewer that the van and firearm was hers. But she admitted that she forgot the firearm was in the van and further stated that she could not remember whether it was loaded. At the September 13, 2017, hearing, the Government further established that Moore did not register the firearm after purchasing it, despite state law requirements to do so within ten days.[2] During her hearing testimony, Moore explained that she was experiencing cognitive and memory challenges around the time the firearm was purchased. For that reason, she placed the firearm and ammunition in the minivan, but later forgot where she placed them. Moore further represented that she was unaware of her responsibility to register the firearm and thus did not do so within the required timeline.

## II.

This is an ancillary forfeiture proceeding and thus is governed by 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c)(1). For purposes of the proceeding, the facts set forth in the motion for return of property are assumed to be true. Rule 32.2(c)(1)(A). Section 853(n) provides the following guidance regarding the hearing:

> At the hearing, the petitioner may testify and present evidence and witnesses on his [or her] own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

§ 853(n)(5).

The petitioner bears the burden of establishing by a preponderance of the evidence that the petitioner

---

[2] Hearing testimony established that the firearm was eventually registered on the day after Barnes was indicted.

has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section.[3]

§ 853(n)(6)(A).

In determining whether the petitioner has met her burden, the Court "shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture." § 853(n)(5).

### III.

The Government argues that Moore's motion for return of the property should be denied because she did not exercise dominion and control over the firearm and ammunition in question. The Government acknowledges that Moore bought the property in question, but contends that she has nevertheless not established a property interest in the items superior to the Government's.

"[B]are legal title, in the absence of assertions of dominion, control or some other indicia of ownership of or interest in the seized property, is insufficient to confer standing to challenge a forfeiture." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998). "This is so because 'people engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name. . . . In short, courts look behind the formal title to determine whether the record title owner is a 'strawman' set up to conceal the financial affairs of illegal dealings of someone else.'" *United States v. Coffman*, 612 F. App'x 278, 286 (6th Cir.) (quoting *United States v. Carrell*, 252 F.3d 1193, 1204 (11th Cir.2001)). It is axiomatic that possession of personal property is the most probative evidence of ownership. *See Rassner v. Fed.*

---

[3] Petitioner can alternatively prevail by demonstrating that she is a bona fide purchaser for value. § 853(n)(6)(B). Moore does not proceed upon this theory.

*Collateral Soc.*, 299 Mich. 206, 214, 300 N.W. 45, 48 (1941). Thus, in the absence of indicia of dominion or control over seized property, bare legal title is insufficient to set aside a forfeiture.

Here, Moore has not carried her burden of demonstrating dominion or control over the items in question. There is no evidence that she possessed or controlled the seized items in any meaningful way after their purchase. Moore has admitted that she lost track of the items and, at the time they were seized, had not been in possession of the items for several days. Rather, they had been in the minivan in Barnes's possession.[4] In fact, the firearm and ammunition was found in a backpack that also contained mail addressed to Barnes. Further, Moore did not register the firearm or obtain a license to possess one within the deadline imposed by state law. *See* M.C.L. 28.422 § 2(5); M.C.L. 28.422 § 2(1). Thus, at the time the firearm was seized, Moore was actually legally prohibited from possessing the firearm. Against this factual background, Moore has not carried her burden of demonstrating a property interest in the items that is superior to the Government's. *See Coffman*, 612 F. App'x at 287 (holding that a third party was not entitled to the return of property because the defendant, not the third party, exercised dominion and control over the funds in question). The motion for return of property will be denied.

### IV.

Accordingly, it is **ORDERED** that Petitioner Moore's motion for return of property, ECF No. 1, is **DENIED.**

Dated: September 19, 2017    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[4] At the suppression hearing, the Government presented evidence which strongly suggested that, regardless of who nominally owned the vehicle, Barnes had dominion and control over it. See Mot. Supp. Tr. at 31–32; 34–35. At the suppression hearing, the Government played several audio recordings which appeared to portray Barnes directing Moore (and others) regarding what to do with the minivan. The firearm and ammunition in question was found within that van (and thus within Barnes's dominion and control).

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 19, 2017.

                                          s/Kelly Winslow
                                          KELLY WINSLOW, Case Manager